IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TODD PORTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-129-MJR |
| | ) | |
| CASINO QUEEN, INC., a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on a discovery dispute between the parties. A telephonic discovery dispute conference was held on November 1, 2005. Mark Schuver appeared for the plaintiffs. Kristine Mack appeared for the defendant  The Court converted the telephonic conference into an in-person discovery dispute hearing. An in-person hearing was held on November 4, 2005. Mark Schuver appeared for the plaintiffs. Kristine Mack appeared for the defendant. Pursuant to the hearing, the Court rules as follows:

## INTERROGATORIES

1. **Interrogatory #1. (Todd Porter, Krista Porter, Aaron Oliver and Sharmin Clifton)** Interrogatory (f) is not disputed. Regarding the disputed interrogatories (a), (b), (c), (d), (e), and (g), defendant is **ORDERED** to provide the plaintiff with the last known address and phone number of individuals who are no longer employed at the Casino Queen who might have knowledge of the subjects, facts and/or incidents alleged in the Complaint. Any contact by the plaintiff with current employees or current or past employees in a management position must be made through defendant's counsel, Ms. Mack.

2. **Interrogatory #11 (Krista Porter), Interrogatory 12 (Todd Porter), Interrogatory 11 (Sharmin Clifton) and Interrogatory 11 (Aaron Oliver)**. The Court **ORDERS** the defendant to identify persons reported to the Gaming Commission for similar offenses back to 2000, and beyond if practicable, and to produce documents excluding medical and social security numbers relevant to any reports to the Gaming Commission.

3. **Interrogatory #13 (Krista Porter)**. Defendant is **ORDERED** to supplement its answer as to whether the plaintiff's complaints of discrimination and/or harassment were founded or unfounded.

### REQUESTS FOR PRODUCTION

1. **Request #2** is moot.

2. **Request 31, 32, 35, 54, and 65**.

   a. Request 31. The Court **ORDERS** the defendant to produce the personnel files of Darla Leach which shall include disciplinary records, job actions/promotions/change in status, performance evaluations, periodic and annual reviews. This order specifically excludes wage and payroll records, medical records and any information containing Ms. Leach's social security number. Defendant shall also provide Ms. Leach's last known address and telephone number.

   b. Request 32. Defendant's answer is sufficient.

   c. Request 35. Defendant is **ORDERED** to produce all requested information excluding financial information, medical information and social security numbers.

   d. Request 54. Defendant is **ORDERED** to produce all confidential reviews/evaluations referring to Darla Leach contained in her personnel file.

   e. Request 65 is moot. This information is already covered in Request 31.

3. **Request 36-50, 55 and 56**.

    a.  Request 36.  Defendant is **ORDERED** to produce the complete personnel file of Corey Brown including disciplinary records, job actions/promotions/changes in status, performance evaluations, periodic and annual reviews.  This order specifically excludes wage and payroll records, medical records and any information containing Mr. Brown's social security number.  Defendant shall also provide Mr. Brown's last known address and telephone number.

    b.  Request 37.  Defendant is **ORDERED** to produce all job descriptions applicable to Corey Brown's job at the time of the alleged occurrence.

    c.  Request 38.  Defendant is **ORDERED** to produce all documents referring or relating to Corey Brown's termination of employment by the defendant, including but not limited to all grounds and reasons for said termination.

    d.  Request 39-41 regarding Craig Travers.  Defendant shall not produce the requested information.

    e.  Request 42-44 regarding Lowell Martin, Jr.  Defendant shall not produce the requested information.

    f.  Request 45-46 regarding Tom Monahan.  Defendant shall not produce the requested information.

    g.  Request 47-48 regarding Ed Muzzey.  Defendant shall not produce the requested information.

    h.  Request 49-50 regarding Cheryl Childress.  Defendant shall not produce the requested information.

    g.  Request 55 and 56 are moot.

4. **Request 51**.  Defendant is **ORDERED** to produce the requested information to the extent required by law excluding documents regarding sexual discrimination.

5. **Request 53** is moot.

6. **Request 57** is moot as defendant has provided the requested information and preserved it's objections on the basis of work product privilege.

7. **Request 59.**   Plaintiff's request 59 asks for all documents relating to any legal action against defendant for all discrimination and harassment.  This request is overly broad and could be unduly burdensome.  The Federal Rules of Civil Procedure limit discovery to information and documents which are "relevant to the subject matter involved in the pending action . . . ." Fed.R.Civ.P. 26(b)(1).  The conduct of defendant Casino Queen towards it's employees in general is not relevant to establishing any of the elements of these plaintiffs' claims that they were discriminated against on the basis of race.  The Court finds this request to be of minimal, if any, probative value and therefore request 59 is **STRICKEN**.

8. **Request 82** is moot.

9. **Request 83**.  Defendant is **ORDERED** to answer only regarding recordings.

10.  **Request 84**.  Defendant is **ORDERED** to answer to the extent that there are work schedules that show Ms. Porter's stations or assignments during this time.

### OTHER

1. **Interrogatory 7 and Request 5, 79 and 80** are denied without prejudice as premature at this stage of the litigation.  Defendant is further **ORDERED** to maintain and produce a privilege log to the extent required by law.

Defendant shall have until November 22, 2005 to comply with the Court's order.

**DATED: November 8, 2005.**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
