# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SHARMIN CLIFTON and** | ) | |
| **AARON OLIVER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-cv-0129-MJR** |
| | ) | |
| **CASINO QUEEN, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### A. Factual and Procedural History

On February 24, 2005, Plaintiffs Todd Porter, Krista Porter, Sharmin Clifton, and Aaron Oliver filed with this Court a fourteen-count complaint against Defendant Casino Queen, Inc. (Doc. 4). Subsequently, on February 29, 2006, this Court dismissed with prejudice all of Todd and Krista Porter's claims against Casino Queen (Doc. 29). Accordingly, only the claims of Aaron Oliver and Sharmin Clifton remain pending in this matter: Counts III, IV, VII, VIII, XI, and XII. Oliver and Clifton assert that their claims are based upon "unlawful employment practices on the basis of race and retaliation" and are brought pursuant to Title VII of the Civil Rights Act of 1964, **42 U.S.C. § 2000e,** *et seq.* **("Title VII")**, **42 U.S.C. § 1981,** the Illinois Human Rights Act, **775 ILCS 5/1-101,** *et seq.***,** as well as "other applicable civil rights and anti-discrimination laws and violations..." (Doc. 1). Counts III and IV assert that Casino Queen subjected Clifton and Oliver to unlawful racial discrimination in violation of Title VII (Doc. 1, ¶¶ 82-91). Counts VII and VIII assert that Casino Queen unlawfully terminated the employment of Clifton and Oliver in retaliation

1

for their participating in statutorily protected activity (Doc. 1, ¶¶ 108-25).  Finally, Counts XI and

XII assert that Casino Queen intentionally inflicted emotional distress upon Clifton and Oliver (Doc.

1, ¶¶ 137-46).

Now before this Court is Casino Queen's motion to dismiss (Doc. 3).  Although this

motion concerns the claims of all four original plaintiffs, in light of Todd Porter and Krista Porter's

dismissal from this action, the Court construes this motion, and all documents relevant to the

analysis of this motion, only as they relate to those claims asserted by Clifton and Oliver.


**B. <u>Standard of Review</u>**

Casino Queen's various arguments for dismissal are premised upon **FEDERAL RULE**

**OF CIVIL PROCEDURE 12(b)(6)**.  Federal Rule of Civil Procedure 12(b)(6) governs motions to

dismiss for failure to state a claim upon which relief can be granted.  When considering a motion to

dismiss for failure to state a claim, the Court accepts the plaintiff's allegations as true, and construes

all inferences in favor of the plaintiff. ***Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984);**

***Thompson v. Ill. Dep't of Prof. Regulation,* 300 F.3d 750, 753 (7th Cir. 2002).**  Dismissal for

failure to state a claim is warranted only when "it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." ***Mattice v. Memorial Hosp.***

***Of South Bend, Inc.,* 249 F.3d 682, 684 (7th Cir. 2001), citing *Conley v. Gibson,* 355 U.S. 41, 45-**

**46 (1957).  *Accord Hishon,* 467 U.S. 69, 73 (Rule 12(b)(6) dismissal is appropriate only if "it is**

**clear that no relief could be granted under any set of facts that could be proved consistent with**

**the allegations").**

"Federal complaints plead *claims* rather than facts." ***Kolupa v. Roselle Park District,***

- - F.3d - -, 2006 WL 306955 *1 (7th Cir. Feb. 10, 2006).   Under the liberal notice pleading requirements of the federal rules, all that is required to state a claim "is a short statement, in plain ... English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999); FED. R. CIV. P. 8(a)(2).  "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate." *Kolupa,* at * 1. "A full narrative is unnecessary." *Id.*; *see also, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002); *McDonald v. Household International, Inc.,* 425 F.3d 424, 427-28 (7th Cir. 2005); *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1077-78 (7th Cir. 1992).  Thus, Rule 12(b)(6) dismissal should be denied "if any facts that might be established within [a plaintiff's] allegations would permit a judgment for the plaintiff." *Duda v. Board of Education of Franklin Park Public School District No. 84,* 133 F.3d 1054, 1057 (7th Cir. 1998).


C. Analysis

In its motion to dismiss, Casino Queen asserts multiple arguments for dismissal.  The Court considers each in turn.

*Clifton and Oliver's Racial Discrimination Claims*

Casino Queen argues that Clifton and Oliver are not members of a protected class, do not assert that they met their employer's legitimate employment expectations, and do not assert that other similarly situated employees who did not engage in statutorily protected expression were treated more favorably.  Accordingly, Casino Queen argues, this Court should dismiss Clifton and Oliver's claims of racial discrimination for failure to state a claim.

Notably, Casino Queen bases its argument on the fact that  Clifton and Oliver "have

3

failed to establish [several elements] necessary to establish a prima facie case of intentional discrimination in violation of Title VII" (Doc. 4, p.8). However, "[a] prima facie case... is an evidentiary standard, not a pleading requirement." ***Swierkiewicz,* 534 U.S. at 510.** "[C]omplaints need not narrate events that correspond to each aspect of the applicable rule ...." ***Kolupa,* at \*1.**

Using the primae facie case strictly as *guidance*, then, this Court notes that, in order to show intentional racial discrimination, an employee *normally* must show that: (1) he or she was a member of a protected class; (2) he or she was meeting the employer's legitimate expectations; (3) the employer took an adverse employment action against him or her; and (4) the employer treated at least one similarly-situated individual outside of his or her protected class more favorably. ***Herron v. Daimler Chrysler Corp.,* 388 F.3d 293, 299 (7th Cir. 2004).**

This case, admittedly, presents a relatively unique circumstance. According to their complaint, Sharmin Clifton is a white female, and Aaron Oliver is a white male (Doc. 1, ¶¶ 7,8). Casino Queen points out these facts to support its argument that Clifton and Oliver cannot be considered members of a protected class, and therefore cannot state a claim for racial discrimination.

Individuals of the same race as a defendant are not barred from asserting valid claims of racial discrimination. Even if it were shown, for instance, that all the "decision-making" employers were also white,[1] Oliver and Clifton's claims would be construed as claims of reverse discrimination. ***Preston v. Wis. Health Fund,* 397 F.3d 539 (7th Cir. 2005)(reverse discrimination claims arise where the decision-makers are of the same sex or race as the alleged victim).** Because of the relatively unique circumstances of a reverse discrimination case, the first prong of

---

[1]     Darla Leach, for instance, the individual having "direct supervisory and managerial authority over [Clifton and Oliver]," is a white female (Doc. 1, ¶ 23).

the traditional race discrimination test cannot be used.  *Mills v. Health Care Services Corp.,* **171 F.3d 450, 457 (7th Cir. 1999).**  In its stead, is a "heightened standard"; a white plaintiff "must show 'background circumstances' sufficient to demonstrate that the particular employer has 'reason or inclination to discriminate invidiously against whites' or evidence that 'there is something "fishy" about the facts at hand." *Ineichen v. Ameritech,* **410 F.3d 956, 959 (7th Cir. 2005), citing** *Phelan v. City of Chicago,* **347 F.3d 679, 684-85 (7th Cir. 2003).**

Granted, then, Clifton and Oliver's pleading requirement might change somewhat if they are indeed of the same race as the "decision makers" in this matter.  Nonetheless, it is clear that such circumstances would in no way foreclose Clifton and Oliver from stating a valid claim of racial discrimination.

Under the very liberal federal pleading requirements, Clifton and Oliver's claim that they "were selected for termination because of their race, white, as a pretext to terminating [another employee] in retaliation for reporting racial discrimination ..." is an adequate foundation upon which this Court, "accepting [Clifton and Oliver's] allegations as true, and construing all inferences in favor of [Clifton and Oliver]," could surmise that there was "something 'fishy' about the facts at hand" in this case. (Doc. 1, ¶ 70); *Hishon,* **467 U.S. at 73;** *Ineichen,* **410 F.3d at 959.**

The balance of Casino Queen's argument on this point is that Clifton and Oliver did not make specific assertions as to the remaining elements of a racial discrimination claim.  The Court acknowledges that Clifton and Oliver's complaint is relatively silent as to certain facts that may be required – at a later stage of proceedings – for their claims to remain viable.  However, on a motion to dismiss, "silence is not a concession ..., [s]ilence is just silence and does not justify dismissal ...." *Kolupa,* **at \*2.**  "When dealing with complaints ... judges must assume in the plaintiff's favor

5

everything that could be shown consistent with the allegations." *Id.* Viewing Clifton and Oliver's claims in this manner, the Court finds that dismissal is not appropriate. Accordingly, the Court **DENIES** Casino Queen's motion to dismiss Clifton and Oliver's claims of racial discrimination in Counts III and IV.

*Clifton and Oliver's Claims of Unlawful Retaliation*

Casino Queen asserts that Clifton and Oliver have failed to claim that they engaged in a statutorily protected activity necessary to prove retaliation. As the Casino Queen points out "[i]t is axiomatic that a plaintiff engage in a statutorily protected activity before an employer can retaliate against him or her for engaging in statutorily protected activity." ***Durkin v. City of Chicago,* 341 F.3d 606, 615 (7th Cir. 2003).** "An employer cannot retaliate if there is nothing for it to retaliate against." ***Id.***

It is true that within their complaint, Clifton and Oliver have not specifically stated a statutorily protected activity that motivated their dismissal. Nevertheless, this Court must adhere to the guidance of the Seventh Circuit in regards to dismissal motions: "[s]ilence is just silence and does not justify dismissal ... [w]hen dealing with complaints ... judges must assume in the plaintiff's favor everything that could be shown consistent with the allegations."***Kolupa,* at \*2.** Clifton and Oliver have stated their retaliation claims, and this Court finds that their having participated in a statutorily protected activity *could* be shown consistent with their allegations. Accordingly, the Court hereby **DENIES** Casino Queen's motion to dismiss Clifton and Oliver's claims of unlawful retaliation, Counts VII and VIII.

*Clifton and Oliver's Claims of Intentional Infliction of Emotional Distress*

Finally, Casino Queen argues that Clifton and Oliver's claims of intentional infliction of emotional distress are preempted by the **Illinois Human Rights Act ("IHRA") 775 ILCS 5/1-102(A)(2005).**

The stated policy of the IHRA is to secure for all individuals within Illinois freedom from employment discrimination based on race, sex, national origin, physical and mental handicaps or age. **775 ILCS 5/1-102(A).** Both the Illinois Supreme Court and federal courts within the Seventh Circuit have recognized the broad preemptive effect of the IHRA. ***See, e.g., Quantock v. Shared Mktg. Servs.,* 312 F.3d 899 (7th Cir. 2002); *Geise v. Phoenix Co.,* 639 N.E.2d 1273, 1276-78 (Ill. 1994); *Perera v. Flexonics, Inc.,* 727 F.Supp. 406, 409 (N.D. Ill. 1989).**

Section 8-111(C) of the IHRA states:

> Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in [the] Act.

Illinois Courts have consistently held that this provision divests courts of jurisdiction to hear claims that are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." ***Maksimovic v. Tsogalis,* 177 Ill.2d 511 (Ill. 1997).** Moreover, the Seventh Circuit also has consistently interpreted Illinois law to mean that state law tort claims that depend on or are inextricably linked to civil rights violations are preempted by the IHRA. ***See, e.g., Garcia v. Village of Mount Prospects,* 360 F.3d 630 (7th Cir. 2004); *Quantock,* 312 F.3d 899; *Krocka v. City of Chicago,* 203 F.3d 507 (7th Cir. 2000).**

In this case, Clifton and Oliver's claims of racial discrimination and retaliation in employment are both acts prohibited by the IHRA. In addition, both Clifton and Oliver's claims of

intentional infliction of emotional distress rely upon the exact same factual allegations as do their claims of racial discrimination and retaliation.  In fact, in their respective claims, Clifton and Oliver simply re-incorporate the factual allegations underlying those other claims (Doc. 1, ¶¶ 137, 142). It is clear from the face of their complaint that Clifton and Oliver have shown no independent basis whatsoever for their intentional infliction of emotional distress actions apart from the IHRA itself. *See Maksimovic,* **177 Ill.2d at 519.**  Clifton and Oliver's intentional infliction of emotion distress claims are "inextricably intertwined" with their civil rights claims and are therefore preempted by the IHRA.  Accordingly, the Court **GRANTS** Casino Queen's motion to dismiss with prejudice Clifton and Oliver's claims of intentional infliction of emotional distress, Counts XI and XII.

### D. Summary

The Court **GRANTS** in part and **DENIES** in part Casino Queen's motion to dismiss (Doc. 3).  The motion is **denied** in the following respects: (1) The Court **DENIES** Casino Queen's motion to dismiss Clifton and Oliver's claims of racial discrimination in Counts III and IV, and (2) the Court **DENIES** Casino Queen's motion to dismiss Clifton and Oliver's claims of unlawful retaliation in Counts VII and VIII.

The motion is **granted** in that the Court **DISMISSES** *with prejudice* Clifton and Oliver's claims of intention infliction of emotional distress, Counts XI and XII.

**IT IS SO ORDERED.**

**DATED this 9th  day of March, 2006.**

s/ Michael J. Reagan  
**MICHAEL   J.   REAGAN**  
**United States District Judge**

8